The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Holmes, the briefs on appeal and arguments of counsel. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives or amend the Opinion and Award. Accordingly, the Opinion and Award by Deputy Commissioner Phillip A. Holmes is affirmed.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the 24 October 1995 hearing as:
STIPULATIONS
1. At the time of the alleged accident, the parties were subject to and bound by the provisions of the North Carolina Worker's Compensation Act.
2. The employment relationship existed between plaintiff-employee and defendant-employer.
3. The defendant was a qualified self-insured employer.
4. Plaintiff's average weekly wage at the time of the alleged injury was $677.32.
5. Plaintiff was temporarily totally disabled as a result of a condition in his left knee from July 26, 1994 through September 7, 1994.
6. The medical records of Dr. Michael C. Fajgenbaum, Dr. Michael C. Comstock and Dr. Donald J. Zeller are stipulated into evidence.
7. The recorded statement of plaintiff, taken on July 27, 1994 is stipulated into evidence.
8. Industrial Commission Form 19 is stipulated into evidence.
9. All other stipulations contained in the Pre-Trial Agreement are incorporated as if fully set forth herein.
* * * * * * * * * * *
The Full Commission adopts the Findings of Fact found by the Deputy Commissioner, as follows:
FINDINGS OF FACT
1. Plaintiff is a paramedic with defendant's emergency medical service. He was employed part time by defendant beginning in 1987 and has been employed full time since 1989. His primary duties are to provide care to patients in emergency circumstances and operate and staff an ambulance for this purpose.
2. Plaintiff had not experienced any pain or other symptoms in his left knee before July 23, 1994.
3. At about 3:30 a.m. on Saturday morning, July 23, 1994, plaintiff and his partner, paramedic Dwayne Smith, were awakened by an emergency call for a person who was severely bleeding at a local motel. They were at an EMS station in the Raleigh mini-city area. They quickly dressed and left for the location with plaintiff driving the ambulance. When they arrived at the local motel, Raleigh police and fire department vehicles were in the parking lot.
4. The parking lot was uneven, and plaintiff and his partner were operating an ambulance with a pick-up truck style chassis. This vehicle did not have a running board. Newer style ambulances now have a van-type chassis with a running board.
5. It was necessary for plaintiff to get out of the truck and turn to his left to obtain an oxygen cylinder from a compartment just behind the driver's door. Plaintiff extended his left leg to get out of the truck. Because of the particular style of the truck, plaintiff's left foot was still eight inches or so above the ground.
6. When plaintiff shifted his weight and dropped to the ground on the left leg, while bringing the right leg out of the truck, he began pivoting on the leg to the left to get to the compartment behind him. Plaintiff felt a popping and crunching sensation in his left knee. Plaintiff, however, continued to work, to assist his partner with the emergency but felt occasional clicks or pops in his left knee. Plaintiff told his partner, Dwayne, Smith, of the difficulty he was having with the knee before they left work on July 23 at 8:00 a.m.
7. After plaintiff left work on July 23, 1994, he noted that the left knee was a little stiff. There was a tendency for the knee to stiffen up after sitting for short periods later this day.
8. By Sunday, when plaintiff returned to work, plaintiff's left knee was stiff and sore. Plaintiff was limping by Sunday afternoon. This was observed by Dwayne Smith, who was working with him. The knee was swollen, painful and discolored by Monday afternoon. Plaintiff thus sought treatment from a physician at the Blue Ridge Family Practice. On Tuesday afternoon, July 26, plaintiff was treated at the Rex Hospital emergency room and was referred to Dr. Michael Fajgenbaum, a Raleigh orthopedic surgeon.
9. On July 26, plaintiff formally reported his injury to Linwood Barham, the assistant director of defendant's emergency medical service. Mr. Barham completed the Industrial Commission Form 19 in plaintiff's presence based on information provided by plaintiff during this interview. The Form reported that the injury was caused by a "twisting motion." The plaintiff stated that the injury occurred during the emergency call while getting out of the driver's side of the ambulance. Plaintiff stated that he placed his left foot on the ground; and while completing the exit from the vehicle, he must have twisted his left knee and felt a pop in his left knee. However, plaintiff's recorded statement taken July 27, 1994 was that the motion involved while exiting his ambulance was a "normal motion, that it wasn't like I stepped out and lost my balance and violently twisted it or anything like that. It was just a normal motion."
10. Plaintiff was seen by Dr. Fajgenbaum and Dr. Michael Comstock, who practices with Dr. Fajgenbaum, on July 27. They recommended arthroscopic surgery.
11. Plaintiff sustained a left knee medial meniscus tear and on July 28, 1994, he underwent a left knee arthroscopy with partial lateral meniscectomy performed by Dr. Comstock.
12. After convalescing, the plaintiff was seen by Dr. Comstock on September 7, 1994, when he was released to return to work with a permanent partial disability rating of five percent to his left leg.
13. Plaintiff injured his left knee while carrying on the usual and customary duties of a paramedic in the usual and normal way. The evidence does not show an injury by accident but merely shows an injury during the course and scope of employment.
* * * * * * * * * * *
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. The plaintiff failed to show by the greater weight of the evidence that he sustained an injury by accident arising out of and in the course of his employment with defendant-employer. His own statement was that he was performing his normal duties in a normal fashion when the injury occurred. N.C. GEN. STAT. § 97-2 (6).
2. Plaintiff is not entitled to benefits under the North Carolina Workers' Compensation Act. N.C. GEN. STAT. § 97-2 (6).
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law the Full Commission affirms the holding of Deputy Commissioner Holmes and enters the following:
AWARD
1. Plaintiff's claim is, and under the law must be, DENIED.
2. Each side shall pay its own costs, including the costs assessed by the Industrial Commission, one half of which shall be paid by each side.
 S/ ________________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ ________________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ ________________________ DIANNE S. SELLERS COMMISSIONER